IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       No. 1:18-cr-10042-JDB-1

JOHNNY LEE NIXON, JR.,

    Defendant.

_____

ORDER DENYING DEFENDANT'S AMENDED MOTION TO DISMISS COUNT SEVEN
OF THE INDICTMENT *NUNC PRO TUNC*
_____

This case began with a nine-count indictment against Defendants Cordarious Baltimore and Lacey Jeter for violations of 18 U.S.C. §§ 922(g) and 924(c), as well as for Hobbs Act robbery in violation of 18 U.S.C. § 1951, arising from a series of heists that occurred in April 2016 in western Tennessee. (Docket Entry ("D.E.") 2.) On January 22, 2019, Johnny Lee Nixon, Jr. was added as a defendant pursuant to a superseding indictment. (D.E. 47.) On August 22, 2019, following a jury trial, Nixon was convicted on, among other things, Counts One, Six, and Seven of a second superseding indictment filed July 15, 2019. (Docket Entry ("D.E.") 157; *see also* D.E. 127.) Before the Court is Nixon's amended motion to dismiss Count Seven *nunc pro tunc* to January 22, 2019 (D.E. 189), to which the Government has responded (D.E. 182).

Counts One, Six, and Seven upon which Defendant was convicted are at issue here and, therefore, will be set forth below in their entirety:

COUNT 1

    Beginning at a time unknown to the Grand Jury, but at least as early as on or about April 20, 2016, until on or about April 26, 2016, . . . the defendants . . . did knowingly, and intentionally combine, conspire, confederate, and agree with

persons known and unknown to the Grand Jury to unlawfully obstruct, delay, and affect commerce, as that term is defined in [18 U.S.C. § 1951], and the movement of articles and commodities in such commerce by robbery, such term is defined in [§ 1951] and to commit and threaten physical violence to other persons at businesses including, F&D QuickStop, Discount Tobacco and More and Bells Truck Stop, all in Haywood County, Tennessee, then engaged in interstate commerce in furtherance of a plan and purpose to commit such a robbery, in violation of [§ 1951].

COUNT 6

On or about April 25, 2016, . . . the defendants . . . [a]ided and abetted, each other, did unlawfully delay, and affect commerce as that term is defined in [18 U.S.C. § 1951], and the movement of articles and commodities in such commerce, by robbery, as that term is defined in [§ 1951], of the Bells Express Truck Stop, a business engaged in interstate commerce, at 9730 Highway 70, Bells, Tennessee, in that the defendants did unlawfully take and obtain a sum of United States currency by actual and threatened use of force and fear of injury. All in violation of 18 U.S.C. §§ 2 and 1951.

COUNT 7

On or about April 25, 2016, . . . the defendants . . . aided and abetted, each other, during and in relation to a crime of violence, specifically interference with commerce by threats or violence involving the Bells Express Truck Stop, at 9730 Highway 70, Bells, Tennessee, in violation of [18 U.S.C. § 1951], specifically Count 6 of the Superseding Indictment, which Count is realleged and incorporated by reference herein, did knowingly possess, use, carry and brandish a firearm, in violation of 18 U.S.C. §§ 2 and 924(c).

(D.E. 127 at PageID 284-85, 287-88.)

Section 924(c) authorizes heightened criminal penalties for "any person who, during and in relation to any crime of violence . . ., uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm[.]" 18 U.S.C. § 924(c)(1)(A). The statute defines a "crime of violence" as "an offense that is a felony" that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is known as the "elements clause" and subsection (B) the "residual clause." *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019). In *Davis*, the United States Supreme Court held that the residual clause was unconstitutionally vague. *Id.* at 2336. It is this decision upon which Nixon bases his request for relief.

*Davis*, however, had no effect on the elements clause. *United States v. Richardson*, 948 F.3d 733, 741 (6th Cir. 2020) ("*Davis* leaves intact a separate definition of crime of violence supplied by the statutes 'elements clause.'"). In *Richardson*, the Sixth Circuit specifically held that aiding and abetting Hobbs Act robbery satisfies the elements clause. *Id.* at 742. Thus, it does not appear to the Court at the outset that *Davis* is of any benefit to the Defendant.

Nixon posits, however, that there is no way to clearly discern from the verdict which count of the indictment the jury relied upon to support Count Seven's § 924(c) enhancement--Count One's conspiracy charge or Count Six's substantive charge. Without this knowledge, the argument goes, the risk of convicting Defendant for a § 924(c) enhancement based on an unconstitutional foundation flies in the face of the Due Process Clause.

It is clear that, unlike the substantive offense, conspiracy to commit Hobbs Act robbery qualifies as a crime of violence only under the now-invalidated residual clause. *See United States v. Ledbetter*, 929 F.3d 338, 361 (6th Cir.), *cert. denied*, 2019 WL 5875219 (U.S. Nov. 12, 2019) (No. 19-6107). Therefore, Count One cannot set forth a qualifying predicate offense to support the Count Seven § 924(c) conviction. But it is also clear, despite Nixon's attempt to muddy the water, that the qualifying predicate offense lies in Count Six. Indeed, based upon the language of the second superseding indictment expressly tying the § 924 enhancement to the substantive Hobbs Act robbery of the Bells store, the only reasonable basis for a guilty verdict on Count Seven is the

substantive count set forth in Count Six.  The Court rejects, then, Defendant's assertion that *Davis* mandates dismissal of Count Seven.  The motion is DENIED.

    IT IS SO ORDERED this 27th day of February 2020.

                                            s/ J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE